21-1070; 21-1072
*Pinkston-Shay; Heckstall v. Metropolitan Transportation Authority*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

---

KENYA PINKSTON-SHAY,

        *Plaintiff-Appellant,*        21-1070-cv

        v.

METROPOLITAN TRANSPORTATION AUTHORITY,

        *Defendant-Appellee.*

---

WILLIE A. HECKSTALL, III,

        *Plaintiff-Appellant,*        21-1072-cv

        v.

METROPOLITAN TRANSPORTATION AUTHORITY,

        *Defendant-Appellee.*

---

FOR PLAINTIFFS-APPELLANTS:      Alan E. Wolin, Wolin & Wolin, Jericho, NY.

FOR DEFENDANT-APPELLEE:      Alison MacGregor, Deputy General Counsel, Brian Confino, Assistant Associate Counsel, Metropolitan Transportation Authority, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and hereby are **AFFIRMED**.

Kenya Pinkston-Shay and Willie A. Heckstall, III, appeal from the District Court's grant of summary judgment to the Metropolitan Transportation Authority ("MTA") on their Title VII claims. *See* 42 U.S.C. §§ 2000e *et seq*. Their claims of discrimination are similar. We take the record evidence in the light most favorable to these plaintiffs. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Heckstall is an African American male and Pinkston-Shay is an African American female. Before 2018 both were MTA police officers eligible for promotion to sergeant due to their tenure and their performance on MTA's 2014 sergeant promotional exam. Heckstall's score on this exam ranked #63 and Pinkston-Shay's #64. Proceeding in rank order, in seven batches from 2014 through 2017 MTA made promotions through #62 on its list. Pinkston-Shay and Heckstall claim that these promotions included six African Americans. Of the next 14 officers on the list, five— including Pinkston-Shay and Heckstall—were African American, and three—including Pinkston-Shay—were African American females. Out of 96 sergeants overall, only six are African American, and only four are female.

In February 2018, MTA offered a new sergeant promotional exam, for which neither Pinkston-Shay nor Heckstall sat. The ranked list from the 2018 exam was announced on June 4, 2018. The publication of the promotional list generated by the 2018 exam nullified the list generated by the 2014 exam, thereby making Pinkston-Shay and Heckstall ineligible for promotion to sergeant. There were likely available sergeant positions after the last batch of 2014 exam promotions in December 2017 and prior to publication of the list based on the 2018 exam on June 4, 2018. But MTA did not make any further promotions to sergeant until September 24, 2018, when it made its first batch of promotions from the 2018 list. The 46 employees promoted to sergeant in four batches based on the 2018 exam include only one African American, three females, and no African American females.

Pinkston-Shay and Heckstall bring disparate treatment and disparate impact claims under Title VII, based on the paucity of African Americans and women promoted to sergeant, and MTA's

decision to use the results of the 2018 exam instead of promoting them. *See* 42 U.S.C. § 2000e *et seq.* Heckstall separately brings a retaliation claim under Title VII, based on a 2007 lawsuit—settled in 2010—in which he alleged that MTA's termination of his employment in 2006 was illegally based on race. *Id.* Pinkston-Shay and Heckstall also bring state and local law claims. On April 1, 2021, the District Court granted summary judgment for MTA on Pinkston-Shay's and Heckstall's Title VII claims, and declined supplemental jurisdiction over Pinkston-Shay's and Heckstall's state and local law claims. Pinkston-Shay and Heckstall timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo . . . a district court's grant of summary judgment." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (citation and internal quotation marks omitted).

We evaluate Pinkston-Shay's and Heckstall's disparate treatment claims under the familiar burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). At step one of this framework, Pinkston-Shay and Heckstall must establish a prima facie case of discrimination, including "some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Id.* If they do, MTA at *McDonnell Douglas* step two may present evidence of its nondiscriminatory justification for its failure to promote them. *See id.* If it does, Pinkston-Shay and Heckstall must offer sufficient evidence at *McDonnell Douglas* step three such that a reasonable factfinder could conclude "the proffered reason was not the true reason (or in any event not the sole reason)" for the adverse decision and that MTA intentionally discriminated against them. *Id.*

Pinkston-Shay and Heckstall have failed to adduce evidence that a rational trier of fact could find supports a prima facie case of discrimination. First, both Pinkston-Shay and Heckstall concede—indeed, they affirmatively argue—that MTA "disregarded the fact that African-Americans and females were being approached on the 2014 list at the time it was discarded . . . [T]here were no discussions between the decisionmakers about this fact." Pinkston-Shay's Br. at 24; *see also* Heckstall's Br. at 26. This concession is fatal to their claims, because "liability for disparate treatment requires *intentional* discrimination." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.7 (2d Cir. 2013) (emphasis added). Second, MTA's final batch of promotions from the 2014 list, which came less than two months after the announcement of the 2018 exam, included two African American and two female officers. Pinkston-Shay's and Heckstall's claims therefore depend on the implausible theory that MTA announced a new exam, immediately promoted two African American and two female officers, and then switched lists in order to avoid promoting Pinkston-Shay and Heckstall because of their race and Pinkston-Shay's gender. Pinkston-Shay and Heckstall have not pointed to evidence in the record that would permit a rational trier of fact to find that MTA's decision was motivated by discriminatory animus. *See R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 58–59 (2d Cir. 1997) (noting that, at the summary judgment stage, courts must construe

3

reasonable inferences in favor of the non-moving party, but need not accept implausible inferences from circumstantial evidence).

Even if Pinkston-Shay and Heckstall could carry their prima facie burden, however, MTA offers a nondiscriminatory rationale at step two of *McDonnell Douglas* for administering and promoting based on the 2018 exam: to allow newer employees the opportunity to become sergeants. *Cf. Stinnett v. City of Chicago*, 630 F.3d 645, 648 (7th Cir. 2011) (noting that a prior promotion list was "obsolete" six years after it was created).[1] Pinkston-Shay and Heckstall's attempts to show this explanation to be pretextual—arguing that officers are only eligible for promotion to sergeant after three years—actually buttresses MTA's explanation, given the uncontested fact that the test is given approximately every three to four years. Therefore, they have adduced no evidence at step three of *McDonnell Douglas* sufficient to allow a rational trier of fact to find that this rationale was pretextual. Thus, summary judgment against their disparate treatment claims was proper.

To establish a prima facie case of disparate impact, Pinkston-Shay and Heckstall must "show[ ] that [MTA] uses 'a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin.'" *Ricci v. DeStefano*, 557 U.S. 557, 578 (2009) (quoting 42 U.S.C. § 2000e–2(k)(1)(A)(i)). Pinkston-Shay and Heckstall have failed to adduce evidence that MTA's promotional test policy causes a disparate impact. They have adduced no evidence, for example, connecting MTA's periodic promotional tests with the overall percentage of African American or female sergeants, or comparing MTA's promotion of African Americans or females to that of nearby police forces. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712–13 (2d Cir. 1998). Thus, summary judgment against their disparate impact claims was proper.

Finally, to establish a prima facie case of retaliation, Heckstall must establish "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation omitted). Heckstall has failed to adduce evidence of a causal connection between his discrimination complaint—filed in 2007 and settled in 2010—and MTA's failure to promote him in 2018. And this multi-year gap, standing alone, is too long to suggest causation. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) ("Action taken . . . 20 months later suggests, by itself, no causality at all."). The District Court therefore properly granted summary judgment to MTA on Heckstall's retaliation claim.

---

[1] Because they sue individually, Pinkston-Shay and Heckstall bear the ultimate burden of proving intentional discrimination against them, even assuming that their numerical evidence shows a discriminatory "pattern or practice." *See Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 149–50 (2d Cir. 2012).

We have reviewed all of the arguments raised by Pinkston-Shay and Heckstall on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 1, 2021, judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court